UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MILLER HILKEY, JR., | No. 2:17-cv-1105-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

INTRODUCTION

Plaintiff Charles Hilkey, proceeding without counsel, commenced the instant action against defendants United States of America, Alan Savage, and Daniel Kalt on May 26, 2017, and paid the filing fee. (ECF No. 1.)[1] Presently pending before the court are defendants' motions to dismiss plaintiff's first amended complaint. (ECF Nos. 23, 25.)[2] Plaintiff failed to timely oppose

---

[1] All parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the action was reassigned to the undersigned for all further proceedings, including the entry of final judgment. (ECF Nos. 5, 20, 21, 27.)

[2] Defendants initially filed motions to dismiss plaintiff's original complaint. (ECF Nos. 1, 6, 15.) However, plaintiff subsequently filed a first amended complaint and opposition to the motions, essentially requesting that the motions to dismiss the original complaint be denied as moot. (ECF Nos. 18, 19.) To be sure, the filing of plaintiff's first amended complaint was untimely pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) with respect to the motion to dismiss filed by

1

the motions, but filed a tardy opposition on October 2, 2017, which the court has nonetheless considered. (ECF No. 31.)[3] For the reasons outlined below, the court GRANTS the motions to dismiss.

BACKGROUND

The background facts are taken from the operative first amended complaint, unless otherwise noted. (See First Amended Complaint, ECF No. 19.) On February 21, 2012, plaintiff pled guilty to charges of conspiracy to manufacture marijuana and structuring transactions to evade reporting requirements. According to plaintiff, as part of the plea agreement, he was to forfeit various assets, but was allowed to buy back a certain 127-acre parcel of real property (with assessor parcel numbers of 61-070-08 and 61-140-37) for fair market value in lieu of forfeiture. However, plaintiff alleges that the United States refused to allow plaintiff to buy back the property for fair market value, but instead later sold the property to defendants Savage and Kalt. Plaintiff also claims that the United States breached the plea agreement by failure to make certain agreed-upon sentencing recommendations.

In a subsequent motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, plaintiff argued that the United States had breached the plea agreement by refusing to allow plaintiff to buy back the above-mentioned property at fair market value and by not making the agreed-upon sentencing recommendations. The court ultimately denied relief, specifically finding that the United States had not breached the plea agreement. (See 2:09-cr-412-MCE-KJN, ECF Nos. 230, 245.)[4]

---

defendants Savage and Kalt. Nevertheless, the court retroactively grants leave to file the first amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), especially given plaintiff's *pro se* status, and because consideration of the claims that plaintiff actually intends to pursue promotes the interests of judicial economy and efficiency. Therefore, defendants' motions to dismiss the original complaint are denied without prejudice as moot.

[3] On October 2, 2017, plaintiff also filed a motion for reassignment of the case to Judge Mueller. (ECF No. 32.) However, plaintiff has shown no proper basis for his motion. Even before this action was reassigned to the undersigned upon plaintiff and defendants' consent (ECF Nos. 5, 20, 21, 27), Judge England, and not Judge Mueller, was the assigned district judge. As such, plaintiff's motion is denied.

[4] The court may take judicial notice of court filings and other matters of public record. Reyn's

Finally, according to the first amended complaint, defendants Savage and Kalt, who are real estate developers, apparently also sought plaintiff's assistance with purchasing properties other than the property that was at issue in plaintiff's criminal case, and performing excavation and construction work, but subsequently failed to pay plaintiff for such services performed. (ECF No. 19.)

Plaintiff asserts the following claims against all defendants: (1) breach of contract; (2) promissory estoppel; (3) unjust enrichment; (4) breach of the covenant of good faith and fair dealing; and (5) quiet title. (ECF No. 19.)

DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted and internal punctuation modified). Furthermore, as the Ninth Circuit Court of Appeals observed, "[s]overeign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity. The Supreme Court has frequently held that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (internal citations omitted and internal punctuation modified).

With the above principles in mind, the court turns to plaintiff's claims.

Claims Against the United States

The court plainly lacks subject matter jurisdiction over plaintiff's claims for breach of contract, promissory estoppel, unjust enrichment, and breach of the covenant of good faith and fair dealing against the United States, because plaintiff has not shown that the United States has waived its sovereign immunity for such claims. Although plaintiff appears to invoke 42 U.S.C.

---

Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

3

§ 1983 as a jurisdictional basis for his claims, that statute does not apply to the United States. Jachetta v. United States, 653 F.3d 898, 908 (9th Cir. 2011).

With respect to plaintiff's quiet title claim against the United States, the Quiet Title Act provides that "[t]he United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409a(a). However, plaintiff's claim here does not meet the narrow terms of that waiver, because the United States has disclaimed any interest in the 127-acre parcel of property at issue, which has been sold to defendants Savage and Kalt. See 28 U.S.C. § 2409a(e) ("If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease…."; see also Alaska v. United States, 201 F.3d 1154, 1164 (9th Cir. 2000) (to fit within the sovereign immunity waiver, "there must be a dispute between the United States and the plaintiff in the Quiet Title Act suit").

Therefore, all of plaintiff's claims against the United States should be dismissed for lack of subject matter jurisdiction.[5]

Claims Against Defendants Savage and Kalt

The court also lacks subject matter jurisdiction over plaintiff's state law claims against defendants Savage and Kalt, because the parties are not diverse. See 28 U.S.C. §§ 1331, 1332. As such, those claims are likewise dismissed for lack of subject matter jurisdiction.[6]

////

////

---

[5] To the extent that the first amended complaint attempts to state any claims against Michael Beckwith, the Assistant U.S. attorney who represented the United States in plaintiff's criminal case, such claims are subject to dismissal because Mr. Beckwith is protected by absolute prosecutorial immunity. See Fry v. Melaragno, 939 F.2d 832, 836 (9th Cir. 1991).

[6] The court notes defendants Savage and Kalt's request to dismiss the quiet title claim with prejudice based on the doctrine of collateral estoppel. However, because the court finds that the complaint, on its face, fails to invoke the court's subject matter jurisdiction, the court cannot reach the merits of the quiet title claim.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reassignment of the case to Judge Mueller (ECF No. 32) is DENIED.
2. Defendants' motions to dismiss the original complaint (ECF Nos. 6, 15) are DENIED WITHOUT PREJUDICE as moot.
3. Defendants' motions to dismiss the first amended complaint (ECF Nos. 23, 25) are GRANTED.
4. The entire case is DISMISSED for lack of subject matter jurisdiction.
5. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: October 4, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE